# EXHIBIT A

**49D13-1708-CT-030991**

Marion Superior Court, Civil Division 13

Filed: 8/10/2017 11:49 PM
Myla A. Eldridge
Clerk
Marion County, Indiana

## SUMMONS BY CERTIFIED MAIL

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE MARION CIRCUIT/SUPERIOR COURT |
| COUNTY OF MARION | ) | CAUSE NO. |

FRANK E. GOSS                    )
                                 )
                                 )
        v.                       )
                                 )
STERLING TALENT SOLUTIONS        )
                                 )
                                 )
        Defendants.              )

THE STATE OF INDIANA TO RESPONDENT:     STERLING TALENT SOLUTIONS
                                        PO Box 3876
                                        Seattle, WA 98124-3876

You have been sued by the person(s) named "Plaintiff", in the court stated above.

The nature of the suit against you is stated in the complaint which is attached to this summons. It also states the demand which the Plaintiff has made against you.

You must answer the complaint in writing, by you or your attorney, within twenty (20) days, commencing the day after you receive this summons, (you have twenty-three (23) days to answer if this summons was received by mail), or judgment will be entered against you for what the Plaintiff has demanded.

If you have a claim for relief against the Plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

The following manner of service of summons is hereby designated:

### SERVICE BY CERTIFIED MAIL

Date: _____8/11/2017_____          _____Myla A. Eldridge_____
                                   CLERK, Circuit/Superior Court - Marion County, Indiana

Plaintiff Attorney:
Jason P. Wischmeyer 23475-73
7612 Stones River Dr
Indianapolis, IN 46259
Tx: 317-429-0210
Fax: 317-429-0211
Email: jason@wischmeyerlaw.com

## CERTIFICATE OF MAILING

I hereby certify that on the _____ day of _____, 2015, I mailed a copy of this summons and a copy of the complaint to each of the Defendant(s)

_____ by (registered or certified) mail requesting a return receipt signed by the addressee only addressed to each of said Defendant(s) at the address(es) furnished by the Plaintiff.

Date:_____       _____

Clerk, Circuit/Superior Courts of Marion County

## RETURN OF SERVICE OF SUMMONS BY MAIL

I hereby certify that service of summons with return receipt requested was mailed on the _____ day of _____, 2015, and that a copy of return receipt was received on the _____ day of _____,2015, which copy is attached herewith.

Date:_____       _____

Clerk, Circuit/Superior Courts of Marion County

## CERTIFICATE OF CLERK OF SUMMONS NOT ACCEPTED BY MAIL

I hereby certify that on _____ day of _____, 2015, I mailed a copy of this summons and a copy of the complaint to the Defendant(s) _____by (registered or certified) mail, and the same was returned without acceptance this _____ day of _____,2015, and I did deliver said summons and a copy of the complaint to the Sheriff of Marion County, Indiana.

Date:_____       _____

Clerk, Circuit/Superior Courts of Marion County

## RETURN OF SERVICE OF SUMMONS

I hereby certify that I have served the within summons:

     1.     By delivering on the _____ day of _____, 2015, a copy of this summons and a copy of the complaint to each of the within named Defendant(s)_____.

     2.     By leaving on the _____ day of _____, 2015, for each of the within named Defendant(s)

_____ a copy of the complaint at the respective dwelling house or usual place of abode of _____

_____ and by mailing a copy of said summons to said Defendant at the above address.

     3.     All done in Marion County, Indiana.

Fees:  $_____

Mileage: _____       Sheriff of Marion County, Indiana

Total:  $_____

     By:_____ Deputy

## SERVICE ACKNOWLEDGED

A copy of the within summons and a copy of the complaint attached hereto were received by me this _____ day of _____, 2017.

_____

Signature of Defendant

49D13-1708-CT-030991

Marion Superior Court, Civil Division 13

Filed: 8/10/2017 11:49 PM
Myla A. Eldridge
Clerk
Marion County, Indiana

STATE OF INDIANA            )        IN THE MARION CIRCUIT/SUPERIOR COURT
COUNTY OF MARION            )        CAUSE NO.


FRANK E. GOSS                          )
                                       )
                                       )
        v.                             )
                                       )
STERLING TALENT SOLUTIONS              )
                                       )
                                       )
        Defendants.                    )


## COMPLAINT FOR DAMAGES

Comes now the Plaintiff, FRANK E. GOSS, by counsel, Jason P. Wischmeyer and for his Complaint for Damages against Defendant, Sterling Talent Solutions, states:

1. At all times relevant herein, Plaintiff, Frank E. Goss ("FRANK") was a resident of the City of Indianapolis located in Marion County, Indiana.

2. At all times relevant herein, Defendant, Sterling Talent Solutions, was a company doing business within the State of Indiana.

3. Defendant, Sterling Talent Solutions, was in the business of performing an providing background checks on individuals for employers in the State of Indiana.

4. On or about May 13, 2017, Defendant, Sterling Talent Solutions, performed a Confidential Background Screening with the consent of FRANK.

5. The Confidential Background Screening was performed on FRANK for the purposes of FRANK securing employment.

6. FRANK was employed as a temporary employee and was in the process of securing permanent employment subject to the Confidential Background Screening.

7. FRANK's employer was aware that FRANK had a felony conviction for Aggravated Battery and Robbery and was still working toward permanent employment with said employer without regard to these convictions.

8.  The Confidential Background Screening report issued by Defendant, Sterling Talent Solutions, indicates that FRANK was charged and found guilty of "Battery Resulting Serious Injury to Person Under 14" which is and was false.

9.  As a result of the Confidential Background Screening's false information, FRANK was denied the permanent position and his temporary employment position was terminated.

## Count I – Defamation *Per Se*

10. FRANK hereby incorporates the allegations set forth in Paragraphs 1 through 9 above as if fully set forth and restated here.

11. Defendant, Sterling Talent Solutions, directly made false, misleading, inaccurate, fraudulent, derogatory, negative and defamatory statements associated with and specifically imputed to FRANK and FRANK'S reputation.

12. Defendant, Sterling Talent Solutions', false, misleading, inaccurate, fraudulent, derogatory, negative and defamatory statements have been made verbally and published, constituting slander and libel, respectively.

13. Defendant, Sterling Talent Solutions', false, misleading, inaccurate, fraudulent, derogatory, negative and defamatory statements include direct statements and accusations that FRANK has committed criminal conduct.

14. Specific false, misleading, inaccurate, fraudulent, derogatory, negative and defamatory statements made verbally and published by Defendant, Sterling Talent Solutions, includes directly and/or implies that FRANK committed a battery against a person under the age of 14

15. Defendant, Sterling Talent Solutions, has directly and indirectly communicated these defamatory and derogatory statements regarding FRANK to FRANK'S business contacts, business associates and those with whom FRANK has or had contractual/employmentl relationships.

16. Defendant, Sterling Talent Solutions, defamatory and derogatory statements regarding FRANK have negatively affected FRANK'S credibility and reputation causing FRANK actual and consequential damages.

2

17. Defendant, Sterling Talent Solutions, defamatory and derogatory statements are and have been made with intended and actual malice and this Court should award punitive damages to detour and prevent future such conduct by ANTHONY and MADDIE.

18. FRANK is entitled to attorney fees and costs as a result of Defendant, Sterling Talent Solutions, defamatory and derogatory statements.

## Count II – Defamation *Per Quod*

19. FRANK hereby incorporates the allegations set forth in Paragraphs 1 through 18 above as if fully set forth and restated here.

20. Defendant, Sterling Talent Solutions, has each directly, indirectly and in conspiracy together made false, misleading, inaccurate, fraudulent, derogatory, negative and defamatory statements associated with and specifically imputed to FRANK and FRANK'S reputation.

21. Such defamatory and derogatory statements were and have been continued to harm, damage and diminish FRANK'S reputation, relationships and business associations.

22. Such defamatory and derogatory statements are of a nature that would generally tend to harm, damage and diminish a person's reputation, relationships and business associations.

23. Such defamatory and derogatory statements are of a nature that would generally deter and/or prevent third persons from dealing or associating with FRANK and/or continuing to deal or associate with FRANK.

24. Such defamatory and derogatory statements made by Defendant, Sterling Talent Solutions, have, in fact, harmed, damaged and/or diminished FRANK'S reputation, relationships and/or business associations.

25. Such defamatory and derogatory statements made by Defendant, Sterling Talent Solutions, have, in fact, deterred and/or prevented third persons from dealing or associating with FRANK and/or continuing to deal or associate with FRANK.

26. Defendant, Sterling Talent Solutions, defamatory and derogatory statements regarding FRANK have negatively affected FRANK'S credibility and reputation causing FRANK actual and consequential damages.

27. Defendant, Sterling Talent Solutions, defamatory and derogatory statements are and have been made with intended and actual malice and this Court should award punitive damages to detour and prevent future such conduct by Defendant, Sterling Talent Solutions,.

28. FRANK is entitled to attorney fees and costs as a result of Defendant, Sterling Talent Solutions, defamatory and derogatory statements.

## Count III - Fraud

29. FRANK hereby incorporates the allegations set forth in Paragraphs 1 through 28 above as if fully set forth and restated here.

30. Defendant, Sterling Talent Solutions, have actual and/or imputed knowledge of FRANK'S actual reputation and/or conduct with third parties.

31. Defendant, Sterling Talent Solutions, have and continue to make false and/or material misrepresentations relied upon by third parties induced and actually causing harm to FRANK.

32. Defendant, Sterling Talent Solutions, false and/or material misrepresentations include specific and implied statements detailing or suggesting directly and/or implies that FRANK committed a battery against a person under the age of 14 which is an untrue statements of asserted "fact":

33. Third parties have and continue to rely upon Defendant, Sterling Talent Solutions false statements and/or material misrepresentations detrimentally relying upon the same to avoid, terminate, discontinue and/or question FRANK'S reputation and business dealings and encourage others to do the same.

34. Defendant, Sterling Talent Solutions false and/or reckless statements did proximately lead to injury and/or damages of FRANK.

35. FRANK is entitled to any and all damages as a result of Defendant, Sterling Talent Solutions false and/or reckless statements.

36. FRANK is entitled to an award of punitive damages in an amount commensurate to punish and deter Defendant, Sterling Talent Solutions for their individual and collusive, willful and grossly fraudulent conduct.

37. FRANK is entitled to an award of treble damages against Defendant, Sterling Talent Solution, willful and grossly fraudulent conduct.

38. FRANK is entitled to an award of costs and reasonably attorney fees against Defendant, Sterling Talent Solutions, for their individual and collusive, willful and grossly fraudulent conduct.

## Count IV – Negligence

39. FRANK hereby incorporates the allegations set forth in Paragraphs 1 through 38 above as if fully set forth and restated here.

40. Defendant, Sterling Talent Solutions, owed a duty to FRANK to accurately and truthfully report FRANK's background in the Confidential Background Screening Report.

41. FRANK was a third-party beneficiary providing consent for the background screening and relying upon Defendant, Sterling Talent Solutions, performing the background check as a reasonable person in the same or similar circumstances.

42. A reasonable person, or entity, is required to verify all information reported on a background screening prior to reporting such information.

43. Defendant, Sterling Talent Solutions, breached its duties owed to FRANK in failing to accurately and truthfully report FRANK's background to his temporary and putative permanent employer.

44. As a result of Defendant, Sterling Talent Solutions, breach of duties owed to FRANK, FRANK has been damaged and is entitled to recover all direct, indirect, and consequential damages.

45. Defendant, Sterling Talent Solutions, conduct was grossly negligent entitling FRANK to punitive damages in order to deter Defendant, Sterling Talent Solutions, from such conduct in the future.

5

**WHEREFORE**, Plaintiff, Frank E. Goss, by counsel, prays that the Court enter Judgment in his favor and against Defendant, Sterling Talent Solutions for FRANK'S real, consequential, direct, indirect, treble, double, punitive and intentionally caused damages in an amount to be determined at trial, grant him an award of any and all attorney fees and costs associated with this cause of action and grant him any and all such other relief as this Court deems just and proper under the circumstances.

Respectfully submitted,

_____
Jason P. Wischmeyer, Atty No.: 23475-73
Attorney for Plaintiff

Jason P. Wischmeyer
Wischmeyer Law Office
7612 Stones River Dr.
Indianapolis, IN 46259
Phone: 317-429-0210
Fax: 317-429-0211
Email: jason@wischmeyerlaw.com

6

49D13-1708-CT-030991

Marion Superior Court, Civil Division 13

Filed: 8/10/2017 11:49 PM
Myla A. Eldridge
Clerk
Marion County, Indiana

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE MARION CIRCUIT/SUPERIOR COURT |
| COUNTY OF MARION | ) | CAUSE NO. |

FRANK E. GOSS                                )
                                             )
                                             )
                                             )
               v.                            )
                                             )
STERLING TALENT SOLUTIONS                    )
                                             )
                                             )
               Defendants.                   )

## APPEARANCE

Comes now Jason P. Wischmeyer, Attorney at Law, and enters his Appearance on behalf of FRANK E. GOSS, and respectfully requests that copies of all pleadings, notices, and orders be forwarded to said attorney at the following address:

Jason P. Wischmeyer
Wischmeyer Law Office
7612 Stones River Dr.
Indianapolis, IN 46259
Phone:  317-429-0210
Fax:  317-429-0211
Email:  jason@wischmeyerlaw.com

1.     Name of first initiating party: FRANK E. GOSS

2.     Case Type:     -CT-

3.     I **will** accept service by Electronic Delivery at jason@wischmeyerlaw.com.

4.     To my knowledge, there are no related cases.

Respectfully submitted,

Jason P. Wischmeyer, Atty No.:  23475-73
Attorney for Plaintiff